IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                              CRIMINAL ACTION NO. 3:10-00038-01

NORMAN L. TALLEY
    also known as "Storm

**ORDER**

Pending is the defendant Norman L. Talley's Renewed Motion for Judgment of Acquittal. [Doc. 156]. For the reasons that follow, the Court **DENIES** the motion.

**BACKGROUND**

The defendant Norman L. Talley was arrested for participating in illegal drug activity after police executed a search warrant at his trailer located at 4870 Spring Road in Huntington, West Virginia. During the search, the police seized over 50 grams of crack-cocaine, a quantity of heroin, a .40 caliber Ruger pistol, United States currency, a police scanner, and other drug paraphernalia. The defendant was charged in four counts of a five count indictment in connection with the alleged drug activity. Specifically, the indictment charged him with (1) conspiracy to knowingly and intentionally distribute 50 grams or more of crack-cocaine and a quantity of heroin, in violation of 21 U.S.C. § 846; (2) knowingly and intentionally possessing with the intent to distribute 50 grams or more of crack-cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; (3) knowingly and intentionally possessing with the intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and (4) being a felon in knowing possession of a firearm, in

violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On November 2, 2010, a jury returned a verdict finding the defendant guilty on all four counts of the indictment.

## DISCUSSION

On November 15, 2010, the defendant filed a Renewed Motion for Judgment of Acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure. In determining whether to grant a motion for judgment of acquittal, the Government is generally entitled to the benefit of all reasonable inferences from the facts. *See United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982). Moreover, the credibility of the witnesses at trial should not be considered by the court. *See United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989). If, in viewing the evidence in the light most favorable to the Government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt, then the court must deny a motion for judgment of acquittal. *Tresvant*, 677 F.2d at 1021. The role of the court, in essence, is to determine whether there was sufficient evidence supporting the jury's verdict. In that vein, the court does not function as a re-trier of the facts, and it cannot supplant the jury's judgment with alternative factual findings.

The defendant initially moved for a judgment of acquittal at the close of the Government's case, alleging that the evidence in this case was insufficient to sustain a conviction. He now renews the motion. The Court, when viewing the evidence in the light most favorable to the Government, finds that any rational trier of fact could have found the defendant guilty beyond a reasonable doubt.

**I.     Drug Offenses**

The Government's evidence as to the drug-related offenses—Counts One, Two, and Three—included the testimony of Deputy Kevin White and Deputy Terry McFann, officers of the Cabell County Sheriff's Department who participated in the investigation that led to the defendant's

arrest. The officers testified that on Thursday, July 9, 2009, Cabell County 911 received a call complaining of suspected drug activity on Spring Road in Huntington, West Virginia. The caller identified a silver Honda Accord with two female occupants parked outside of that trailer, and observed one occupant enter the trailer while the other waited in the vehicle. Both Deputy McFann and Deputy White also testified that police subsequently located a car matching the caller's description, and arrested the occupants—identified as Launa "Cheri" Seay and Mary Beth Chirgwin—because heroin was found in their possession. Moreover, the officers gave uncontradicted testimony that both women gave written statements sufficiently identifying the trailer at 4870 Spring Road in Huntington, West Virginia as the location where they had purchased the heroin that police seized.[1] They also offered a detailed account of the July 9, 2009 search, and clarified that the defendant was found within a few feet of the crack-cocaine and heroin seized from the trailer. Finally, the officers both provided essential authentication testimony for the Government's physical evidence.

The Government also presented the testimony of Ashley May. It was the Government's theory that Ms. May was a co-conspirator with the defendant in his efforts to distribute heroin and crack-cocaine in the Huntington area. Ms. May testified that she first met the defendant at a bar in Detroit, Michigan, and began dating him in early 2009 until they were both arrested in July of the

---

[1] Ms. Seay, who also testified at trial, accompanied Lieutenant Bob Copley to the Spring Road area, and identified the trailer. Both at that time, and during her testimony in court, she stated that she had purchased the heroin from an African-American male she knew only as "Storm" and that "Storm" had a tattoo of the name "Linda" on his right forearm. This testimony accurately described the defendant.

same year.[2] Her testimony suggested that she and the defendant originally came to West Virginia to deliver cocaine to one of the defendant's contacts in the area. Moreover, she described how the defendant would cook powdered cocaine into crack, and sell it at the Huntington Inn on Route 60 in Huntington. She also testified that they both frequently took part in numerous drug transactions involving heroin and crack-cocaine during the months they operated in Huntington. Finally, she identified photos of 4870 Spring Road in Huntington as the trailer where both she and the defendant had lived, and described the drug sale that took place there on July 9, 2009, which ultimately led to their arrests.

The defense first attacked Ms. May's testimony by introducing a full written confession that she had initially given to the police. Counsel vigorously cross-examined her as to the inconsistencies between this original confession and her later statements to police. Ms. May explained at trial that she signed the statement in reliance on the defendant's promise that he would adopt her children, and marry her once she was released. As Ms. May claimed, the defendant had represented that she would not likely receive a prison sentence if she claimed full responsibility for the crime because she lacked a criminal record. This way, the defendant, who did have a criminal record, would not have to go to prison.

While Ms. May's testimony had obvious weaknesses, the Court cannot conclude that no rational trier of fact would have given it any weight at all. Indeed, the jury was entitled to believe her detailed account of the criminal activity in which she engaged with the defendant, and it is not the Court's function to reevaluate the persuasiveness or strength of her testimony on a motion for

---

[2] On May 24, 2010, Ms. May pled guilty to participating in a conspiracy to distribute heroin and crack-cocaine under Count One of the same indictment under which the defendant was charged.

judgment of acquittal.

The Government also offered the testimony of Travis Boling, Launa Seay, and Robert Harrison. These individuals all testified that they had individually purchased drugs—including heroin and crack-cocaine—from the defendant and Ms. May at the Huntington Inn. Mr. Harrison testified that he had purchased crack-cocaine in the trailer at 4870 Spring Road. In addition, Ms. Seay testified to the details of the July 9, 2009 heroin transaction involving the defendant which took place at the trailer.

All three of these witnesses also described the manner in which the alleged drug sales were carried out. As a brief example, Mr. Boling noted that the defendant would demand that prospective purchasers at the Huntington Inn not make any noise while transactions were consummated. Notwithstanding the fact that the defense challenged the credibility of these witnesses on account of their prior drug addictions and potential biases, the jury was entitled to give weight to their testimony.

Finally, to establish that the suspected narcotics seized at 4870 Spring Road actually tested positive for heroin and crack-cocaine, the Government offered the expert testimony of Nicole MacEwan, a forensic chemist at the West Virginia State Police Forensic Laboratory. Ms. MacEwan tested the substances that were seized at 4870 Spring Road on July 9, 2009. She gave a detailed account of the scientific procedures she uses to test suspected narcotics, and the guidelines her unit employs to ensure the authenticity and safety of evidence. She then testified that her findings showed that the substances seized at 4870 Spring Road in Huntington tested positive for heroin and crack-cocaine in the amount charged in the indictment.

Thus, the Court concludes, as to Counts One, Two and Three of the indictment, that the

Government provided sufficient evidence to establish (1) that the defendant was part of a conspiracy to knowingly and intentionally distribute 50 grams or more of crack-cocaine and a quantity of heroin, in violation of 21 U.S.C. § 846; (2) that he knowingly and intentionally possessed with the intent to distribute 50 grams or more of crack-cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and (3) that he knowingly and intentionally possessed with the intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Any rational trier of fact could have found the defendant guilty beyond a reasonable doubt of the foregoing offenses based on the evidence admitted at trial.

## II.     Felon in Possession of a Firearm

The defendant also argues that there was insufficient evidence to find him guilty of being a felon who knowingly and intentionally possessed a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) as charged in Count Four. To satisfy its burden under Count Four, the Government had to prove beyond a reasonable doubt that (1) the defendant was a convicted felon; (2) he knowingly possessed a firearm; and (3) the firearm traveled in interstate commerce. *United States v. Gallimore*, 247 F.3d 134, 136 (4th Cir. 2001). The defendant has stipulated that he has a prior felony conviction sufficient to implicate 18 U.S.C. § 922(g)(1). What he challenges, however, is the sufficiency of the Government's evidence that he had either actual or constructive possession of the .40 caliber Ruger pistol that was seized from his room during the July 9, 2009 search.[3]

---

[3] The defendant does not suggest that the Government failed to meet its evidentiary burden in establishing that the firearm traveled in interstate commerce. To that end, the Government offered the uncontradicted expert testimony of Bradley Leveritt, a special agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives, who testified that the Ruger pistol recovered from 4870 Spring Road was manufactured in Prescott, Arizona. This evidence was sufficient to sustain the jury's conclusion as to Count Four's interstate commerce requirement.

The Government need not prove actual possession to satisfy its burden under § 922(g)(1). *Gallimore*, 247 F.3d at 136. Possession may be established either constructively or jointly under that provision. *Id.* at 136-37. To prove constructive possession, the Government must "'demonstrat[e] that the defendant exercised, or had the power to exercise, dominion and control over the item.'" *Id.* at 137 (citing *United States v. Jackson*, 124 F.3d 607, 610 (4th Cir. 1997)).

According to the testimony of Officer McFann, the firearm was found under male clothes that were scattered on the floor of the defendant's room at 4870 Spring Road during the July 9, 2009 search. Ms. May testified that the defendant had purchased the firearm for protection, and kept it around his waist during drug transactions. There were no objections raised with respect to the authentication of the weapon. Moreover, the defendant was within a few feet from the weapon when he was arrested. In light of this and all of the other evidence, the Court concludes that any rational trier of fact could have found that the defendant constructively possessed the firearm in question, and accordingly found him guilty beyond a reasonable doubt of violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2) as charged in Count Four of the indictment.

## CONCLUSION

The defendant has failed to demonstrate that the evidence presented at trial, taken in a light most favorable to the Government, does not support the verdict. Accordingly, the Court **DENIES** the defendant's Rule 29 Renewed Motion for Judgment of Acquittal. [Doc. 156].

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

       ENTER:  November 19, 2010

       ROBERT C. CHAMBERS
       UNITED STATES DISTRICT JUDGE