IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

NORMAN L. TALLEY,

        Petitioner,

v.   CIVIL ACTION NO. 3:13-01754
    (CRIMINAL ACTION NO. 3:10-00038-01)

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, who has submitted her proposed findings of fact and recommendations for disposition pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). The Magistrate's Proposed Findings and Recommendations ("PF&Rs"), ECF No. 215,[1] were filed on April 8, 2014, and the petitioner's objections to the PF&Rs, ECF No. 216, were filed on April 21, 2014.[2]

The Court has reviewed *de novo* those portions of the Magistrate's PF&Rs to which the petitioner objects, and it finds that the petitioner's objections lack merit. For the reasons set forth below, the Court **ADOPTS** the portion of the Magistrate's PF&Rs which recommends that this Court **DENY as untimely** the petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, ECF No. 202, and **GRANT** the Government's Motion to Deny [the Petitioner's Motion] as Untimely, ECF No. 209. The Court therefore does not rule upon the petitioner's remaining objections. The Court also **DENIES** the petitioner's request in his

---

[1] All ECF citations are derived from the underlying criminal action, No. 3:10-cr-00038-01.
[2] Pursuant to the "prison mailbox rule," "a pro se litigant's legal papers are considered filed upon 'delivery to prison authorities, not receipt by the clerk.'" *United States v. McNeill*, 523 F. App'x 979, 981 (4th Cir. 2013) (quoting *Houston v. Lack,* 487 U.S. 266, 275 (1988)).

objections for an evidentiary hearing regarding his instant Motion because the facts are adequately presented in the materials before the Court, and thus such a hearing would not aid the decisional process.

Additionally, the Court **DENIES** a certificate of appealability.

## I. Background

On November 2, 2010, after a two-day trial, a jury found petitioner, Norman L. Talley, guilty of 1) conspiring to distribute 50 grams or more of cocaine base and a quantity of heroin, in violation of 21 U.S.C. § 846, 2) aiding and abetting the possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, 3) aiding and abetting the possession with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and 4) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See* ECF Nos. 2, 148, 150. On February 22, 2011, the petitioner was sentenced to 210 months of imprisonment (to run concurrently on all counts), 8 years of supervised release, a $3,000 fine, and a $400 special assessment. ECF No. 170. On February 24, 2011, the petitioner appealed his case to the Fourth Circuit Court of Appeals. ECF No. 172. On October 11, 2011, the Fourth Circuit affirmed the petitioner's conviction, ECF Nos. 193-195, and on November 2, 2011, that court issued its formal mandate in the case. ECF No. 196.

On January 28, 2013, the petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Habeas Petition"), ECF No. 202, and a Motion for Extension of Time [to File a Memorandum of Law and an Affidavit in Support of the Habeas Petition], ECF No. 203. The Magistrate granted the latter motion in a February 25, 2013, Order which also required the petitioner to specifically address in his Memorandum "the reasons why

he believes that his § 2255 petition is timely filed" and required the Government to file a response to the Habeas Petition within thirty days after the petitioner filed his anticipated Memorandum and Affidavit. ECF No. 206. The petitioner timely filed a Memorandum in Support, ECF No. 207, on April 8, 2013, and an Affidavit in Support, ECF No. 208, on April 11, 2013. He addressed the timeliness of the instant Habeas Petition in both documents.

On May 1, 2013, the Government timely filed the instant Motion to Deny [the Petitioner's Habeas Petition] as Untimely or, Alternatively, for an Order Directing [the Petitioner's] Former Counsel to Provide Information Concerning [the Petitioner's] Claim of Ineffective Assistance of Counsel and [Ordering] an Abeyance, ECF No. 209. On May 9, 2013, the Magistrate granted the portion of the Government's Motion which sought an abeyance and suspended the requirement that the Government file a response to the petitioner's instant Habeas Petition until after the timeliness issue had been ruled upon. ECF No. 210. On May 29, 2013, the petitioner timely filed his Reply to the Government's instant Motion. ECF No. 211.

## II.     Timeliness

In her PF&Rs, the Magistrate found that the petitioner's instant Habeas Petition was untimely and that he had failed to present extraordinary circumstances which warranted equitable tolling of the requirement, under 28 U.S.C. § 2255(f), that he file his Petition within the one year limitation period after the date on which his judgment of conviction became final. *See* PF&Rs at 4 n.2, 6. The Magistrate recommended, therefore, that this Court grant the Government's instant Motion to dismiss the petitioner's instant Habeas Petition as untimely. *Id.* at 6, 25. However, the Magistrate then went on to address—and find without merit—each of the six substantive grounds that the petitioner raises in his Habeas Petition. *See id.* at 7-25. The Magistrate then recommended that this Court deny the Habeas Petition. *Id.* at 25. In his timely-filed Objections,

the petitioner specifically objects to each and every finding of the Magistrate, including her finding that his instant Habeas Petition is untimely.

Pursuant to 28 U.S.C. § 2255(f), "[a] 1-year period of limitation shall apply to a [§ 2255] motion." That limitation period begins running from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* "For the purpose of starting the clock on § 2255's one-year limitation period, . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). "[A] petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by . . . a United States court of appeals . . . is timely when it is filed with the Clerk of [the U.S. Supreme] Court within 90 days after entry of the judgment." Sup. Ct. R. 13(1). "The time to file a petition for a writ of certiorari runs from *the date of entry of the judgment* . . . sought to be reviewed, and *not from the issuance date of the mandate* . . . ." *Id.* at 13(3) (emphasis added). Thus, when no petition for certiorari is filed in a case, a habeas petition under § 2255 must be filed within one year and ninety days from the date of entry of judgment by the applicable court of appeals.

No petition for certiorari was filed in this case, and judgment was entered by the Fourth Circuit on October 11, 2011. *See* Notice J., ECF No. 195 (prominently noting the filing date of October 11, 2011, and stating, "Judgment was entered on this date in accordance with Fed. R.

4

App. P. 36."). Thus, the petitioner's Habeas Petition was due by January 9, 2013, but it was not filed until January 28, 2013—nineteen days later. The petitioner does not contest that his Habeas Petition was filed after the limitation period; however, he argues that he is entitled to equitable tolling of this period for two reasons: 1) his attorney advised him, in writing, that he could file a petition for a writ of certiorari within ninety days from the Fourth Circuit's *mandate*, which was issued on November 2, 2011, and would have made the deadline January 31, 2013, and 2) part of the petitioner's left thumb was cut off in October 2012, so he was medicated, in pain, and confined to an area of the prison with no access to legal materials or resources for twenty-five days within the limitation period (from October 26, 2012, to November 19, 2012).

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id.* at 653 (citations omitted) (internal quotation marks omitted). Ordinarily, "a petitioner must bear the risk of attorney error" and "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Id.* at 650-52 (citations omitted) (internal quotation marks omitted). However, "the exercise of a court's equity powers must be made on a case-by-case basis." *Id.* at 649-50 (internal quotation marks omitted) (ellipses omitted).

*Holland v. Florida*, the seminal U.S. Supreme Court case regarding equitable tolling of the one-year limitation period on habeas petitions, involved an attorney who was unaware of the date on which the limitation period expired and who failed to file his client's habeas petition on time, despite the petitioner's many letters repeatedly emphasizing the importance of doing so and

identifying the applicable legal rules. *Id.* at 652. Further, the attorney failed to communicate with his client for a period of *years*, despite the petitioner's pleas that he do so, and the attorney failed to communicate to his client that the appeals court had decided his case, again despite the petitioner's pleas for that information. *Id.* Multiple legal ethics teachers agreed that the attorney's actions were in violation of various "fundamental canons of professional responsibility, which require attorneys to perform reasonably competent legal work, to communicate with their clients, to implement clients' reasonable requests, to keep their clients informed of key developments in their cases, and never to abandon a client." *Id.* at 652-53. The petitioner in that case was also remarkably diligent:

> [The petitioner] not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the . . . State Bar Association in an effort to have [his attorney]—the central impediment to the pursuit of his legal remedy—removed from his case. And, the *very day* that [the petitioner] discovered that his AEDPA clock had expired due to [his attorney's] failings, [the petitioner] prepared his own habeas petition *pro se* and promptly filed it with the District Court.

*Id.* at 653. The Court reversed and remanded the case for further proceedings in the lower courts regarding whether the facts of the petitioner's case constituted extraordinary circumstances sufficient to warrant equitable tolling of the limitation period applicable to his habeas petition. *See id.* at 653-54.

Here, the petitioner compares the incorrect information his attorney gave him regarding the date by which he must file a petition for a writ of certiorari to the situation in *Holland*. The comparison in inapt. There is little evidence that the petitioner pursued his rights diligently. In a letter dated November 23, 2011, the petitioner's counsel informed him that he would not be filing a petition for a writ of certiorari on behalf of the petitioner and provided him with the incorrect date by which such a petition must be filed. *See* ECF No. 216 at 13. The letter from the

petitioner's attorney does not include any advice regarding the timing of filing a *habeas* petition; it only addresses the filing a petition for a writ of certiorari. Though the petitioner filed the instant Habeas Petition only nineteen days late—as opposed to years late—, he had more than a year between his attorney's letter and the actual due date of the habeas petition in which to inquire into the issue of when the habeas petition would be due.

Additionally, the petitioner's search in this regard need not have gone far. The Notice of Judgment filed by the Fourth Circuit on October 11, 2011, in the petitioner's case explicitly states:

> Judgment was entered on this date in accordance with Fed. R. App. P. 36. Please be advised of the following time periods:
>
> **PETITION FOR WRIT OF CERTIORARI:** To be timely, a petition for certiorari must be filed in the United States Supreme Court *within 90 days of this court's entry of judgment. The time does not run from issuance of the mandate.*

ECF No. 195 (bold type in original) (capitalization in original) (emphasis added). To the extent the misinformation in the letter from the petitioner's attorney misled the petitioner, this clear instruction from the Fourth Circuit directly contradicts that misinformation, such that the Notice of Judgment should have at least prompted the petitioner to conduct extra research on his own. The petitioner's twenty-five-day period of invalidity—beginning *eleven months* after the letter from his attorney signaling that the petitioner was now the sole person working on his case and ending nearly two months before the habeas petition was due—also does not affect the Court's finding that the petitioner failed to pursue his rights diligently.

Moreover, the Court simply cannot find that the factual bases for petitioner's arguments amount to an "extraordinary circumstance" which "stood in his way and prevented timely filing." Unfortunately, an attorney misinforming his client is not a rare occurrence, and more importantly, the situation here appears to have merely been "a garden variety claim of excusable

7

neglect," which the U.S. Supreme Court has stated may not alone amount to an "extraordinary circumstance." Though also unlucky, the petitioner's physical injury during the fall of 2012 was short-lived, given the long limitation period, and the circumstances surrounding the injury—the fact that the petitioner was in pain and medicated, and given no access to legal materials or resources—also cannot be described as "extraordinary" or as *preventing* timely filing. Indeed, there is no indication that this period of invalidity actually affected the petitioner's plans regarding when to file his Habeas Petition in any way. The petitioner's main argument regarding his understanding that the due date was later, based upon the misinformation provided by his attorney, undermines his argument that the period of invalidity had any effect whatsoever on when he filed the instant Habeas Petition. *See, e.g.*, Pet.'s Reply Gov't's Mot. Deny [Pet.'s] Mot. Untimely at 3, ECF No. 211 ("[W]ithout such misadvisement [sic] Movant Talley's § 2255 Petition would have been timely filed."). It appears that, injured or not, the petitioner was working toward an incorrect deadline all along, without researching the accuracy of the deadline itself.

Thus, equitable tolling does not apply to the limitation period within which the petitioner's instant Habeas Petition had to be filed under 28 U.S.C. § 2255(f), and the Petition must therefore be dismissed as untimely

### III. Certificate of Appealability

The Court additionally has considered whether to grant a certificate of appealability from this final Order denying as untimely the petitioner's Habeas Petition. *See* 28 U.S.C. § 2253(c). Such a certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). The Supreme Court has clarified:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of

appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the petitioner's Habeas Petition is clearly untimely, and jurists of reason would not find it debatable whether this Court is correct in its ruling that equitable tolling does not apply. The Court thus concludes that the governing standard is not satisfied in this case. Accordingly, the Court **DENIES** a certificate of appealability.

### IV. Conclusion

For the reasons set forth above, the Court **ADOPTS** the portion of the Magistrate's PF&Rs which recommends that this Court **DENY as untimely** the petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, ECF No. 202, and **GRANT** the Government's Motion to Deny [the Petitioner's Motion] as Untimely, ECF No. 209. The Court also **DENIES** the petitioner's request in his objections for an evidentiary hearing regarding his instant Motion because the facts are adequately presented in the materials before the Court, and thus such a hearing would not aid the decisional process.

Additionally, the Court **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: August 7, 2014

ROBERT C. CHAMBERS, CHIEF JUDGE